NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000086
14-JUL-2015
07:52 AM

NO. CAAP-15-0000086

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
YOSHIRO SANNEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1570)

ORDER DENYING JULY 8, 2015 HRAP RULE 40 MOTION FOR
RECONSIDERATION OF JUNE 24, 2015 ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION, FOR EXTENSION OF TIME
TO FILE MOTION FOR RECONSIDERATION, TO SUPPLEMENT THE
RECORD ON APPEAL, AND TO RESET THE BRIEFING SCHEDULE
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) the June 24, 2015 order dismissing
this appeal for lack of appellate jurisdiction, (2) Defendant-
Appellant Yoshiro Sanney's (Appellant Sanney) untimely July 8,
2015 motion for reconsideration of the June 24, 2015 dismissal
order pursuant to Rule 40 of the Hawaiʻi Rules of Appellate
Procedure (HRAP), for an extension of time to file his HRAP
Rule 40 motion for reconsideration, to supplement the record on
appeal, and to reset the briefing schedule (hereinafter referred

to as "the July 8, 2015 HRAP Rule 40 motion for reconsideration"), and (3) the record, it appears that Appellant Sanney's July 8, 2015 HRAP Rule 40 motion for reconsideration was filed <u>more than ten days</u> after entry of the June 24, 2015 dismissal order, and is therefore untimely under the express ten-day time limitation in HRAP Rule 40(a). Furthermore, HRAP Rule 40(a) specifically provides that any party who wants to request special leave for additional time for such a motion must make that request and obtain this court's leave within the ten-day time period, which Appellant Sanney failed to do.

> Rule 40. Motion for reconsideration.
> (a) Time. A motion for reconsideration may be filed by a party <u>only within 10 days</u> after the filing of the opinion, dispositional order, or ruling <u>unless by special leave additional time is granted during such period</u> by a judge or justice of the appellate court involved.
> (b) Contents. The motion shall state with particularity the <u>points of law or fact</u> that the moving party contends <u>the court has overlooked or misapprehended,</u> together with a brief argument on the points raised. The motion shall be supported by a declaration of counsel to the effect that it is presented in good faith and not for purposes of delay.

HRAP Rule 40 (emphases added).

In addition to the fact that Appellant Sanney's July 8, 2015 HRAP Rule 40 motion for reconsideration is untimely under HRAP Rule 40(a), it is undisputed that as of the date when we entered the June 24, 2015 dismissal order, the circuit court had not yet entered any written post-remand order that finally determined all issues and, thus, ended the remand proceedings for Appellant Sanney's December 22, 2011 motion for reconsideration of his sentence pursuant to Rule 35 of the Hawai'i Rules of Penal Procedure (HRPP). Thus, we did not misapprehend or overlook any points of law or fact when we entered the June 24, 2015 dismissal order, because, in the absence of an appealable order, we lacked

appellate jurisdiction to proceed with appellate court case number CAAP-15-0000086, and in such circumstances we must dismiss the appeal. If, as Appellant Sanney asserts, the circuit court subsequently entered a June 29, 2015 written order that finally determined all issues in Appellant Sanney's December 22, 2011 HRPP Rule 35 motion for reconsideration of his sentence, then nothing prevents Appellant Sanney from filing a timely notice of appeal from that order.

Therefore, IT IS HEREBY ORDERED that Appellant Sanney's July 8, 2015 HRAP Rule 40 motion for reconsideration of the June 24, 2015 dismissal order is denied.

DATED: Honolulu, Hawai'i, July 14, 2015.

Presiding Judge

Associate Judge

Associate Judge